UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELA NAGGIE**, <br> Plaintiff, <br> v. <br> **CITY OF SAN FRANCISCO, ET AL.**, <br> Defendant. | Case No. 16-CV-5767-YGR <br><br> **ORDER RE: ORDER TO SHOW CAUSE** |

Plaintiff filed this action on October 6, 2016. (Dkt. No. 1.) On October 7, 2016, the Court set an initial case management statement for January 9, 2017 and instructed that parties must file a case management statement by January 2, 2017. (Dkt. No. 6.) As of January 4, 2017, plaintiff had not filed a case management statement, nor had she served defendants in this action. Thus, on January 4, 2017, the Court issued an Order to Show Cause regarding plaintiff's failure to file a case management statement, requiring a submission from plaintiff by January 13, 2017, and setting a hearing for January 20, 2017. (Dkt. No. 9.) On January 19, 2017, due to certain circumstances, the Court continued the hearing from Friday, January 20, 2017 to Monday, January 23, 2017. Plaintiff neither filed a submission by January 13, 2017, nor did she appear at the hearing on the Order to Show Cause. The Court later found an email with a time stamp of 8:21 a.m. from plaintiff's counsel asking, remarkably: "[W]hat phone number do I call?"

Pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (recognizing courts' inherent authority to dismiss for lack of prosecution); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (same). But such a dismissal should only be ordered when the

failure to comply is unreasonable. *McKeever*, 932 F.2d at 797. A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987).

Here, the Court warned plaintiff in its Order that it was considering dismissing this lawsuit. Nonetheless, plaintiff failed to respond to the Court's Order in writing or in person. This lack of response warrants sanctions in the amount of $200.00. Any written contest to the amount of the sanction must be filed by January 27, 2017. Sanctions must be made to the Clerk of the Court by February 3, 2017.

Furthermore, plaintiff has yet to serve defendants in this action, past the deadline for her to do so. The Court will provide one last opportunity to serve the defendants. At a minimum, the entity defendants must be served with proof of service filed by February 3, 2017. Failure to do so will result in dismissal without prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: January 24, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**